## HUNT *vs.* STILES.

The entrance of the mortgagee upon mortgaged premises is either for condition broken, or to take the rents and profits. Where the entry is to take the rents and profits, no foreclosure will be effected except on due notice after condition broken.

Where the entry is made after condition broken, it will be presumed to be for purposes of foreclosure, unless the contrary appear.

Foreclosure of a mortgage operates as payment of the mortgage debt, to the value of the mortgaged property.

Where but one of the notes secured by mortgage had fallen due on entry to foreclose—*Held,* that the mortgaged property on foreclosure must be applied first in payment of such note.

ASSUMPSIT, upon a promissory note. Plea, the general issue, with a brief statement of facts, relied upon as a defence. Verdict was taken for the defendant, subject to the opinion of the court upon the following case.

On the 16th February, 1836, the plaintiff conveyed to the defendant a parcel of land in Nashua, and received, as the consideration for the conveyance, the defendant's four promissory notes of that date, each for $375, payable to the plaintiff, or order—the first on demand, the second in one year, the third in two years, and the fourth in three years, and all with interest annually. The defendant at the same time executed to the plaintiff a mortgage of the same land, to secure the payment of the notes.

The writ in this action was sued out on the 22d February, 1837, and the note declared on is one of the notes specified in the condition of mortgage, being the note payable in one year.

Prior to the 12th of April, 1837, the defendant paid to the plaintiff the note first above described, drawn payable on demand; but nothing has ever been paid on either of the other notes, unless by way of the foreclosure of said mortgage. On said 12th of April, 1837, the plaintiff entered into and took possession of the land, under and by virtue of the mortgage, for condition broken and to foreclose the same,

and such proceedings were had that on the 11th of April, 1838, the mortgage was foreclosed.

It was proved, or admitted at the trial, that at the time possession was taken by the plaintiff, and also at the time of the foreclosure, the value of the land was greater than the amount of the note declared on, the interest due upon the other notes, and the costs that had then accrued to the plaintiff in this action; and the court, being of the opinion that the entry by the plaintiff upon the land, and the foreclosure of the mortgage as aforesaid, operated as a payment of the note declared on, and that, for this cause, the action could not be maintained, a verdict was taken for the defendant, to be set aside and a new trial granted, or judgment to be rendered on the verdict, according to the opinion of this court upon the foregoing case.

*Abbot & Fox*, for the plaintiff, argued that the case finds, or should be considered as finding, that the mortgaged premises were not of sufficient value for the payment of all the notes named in the condition of the mortgage. The note now in suit was the second note named, and had been secured by attachment of personal property.

The plaintiff had a right to sue this note, and to enter, for condition broken on the mortgage, to secure the remaining notes. The land holden was insufficient security for the last notes; and it cannot be supposed that the plaintiff entered upon and took the land as security also of the note in suit, which had then been recently and fully secured by attachment of other property. The object of entering was undoubtedly to obtain payment of these last named notes; and the plaintiff ought to be permitted to appropriate the proceeds of the land in conformity to his design in entering.

*G. Y. Sawyer, & Farley*, for the defendant, to the point that foreclosure of a mortgage was payment to the value of the mortgaged property, cited 3 *Mass. R.* 562, *Amory* vs.

*Fairbanks* ; *Ditto* 138, *Newall* vs. *Wright* ; 7 *Mass. R.* 336, *Baylies* vs. *Fettyplace* ; 5 *Mass. R.* 121, *Taylor* vs. *Townsend* ; 4 *Kent's Com.* 183.

The same rule applies in the payment of notes by land, as by money. Payment would go in the first instance to the notes first in order.

The other notes may not be in the hands of the plaintiff, and those notes may hereafter be sued, and payment be obtained out of the defendant's personal property. If so, all the notes might be collected from other sources, and yet the land be holden by the plaintiff.

UPHAM, J. Where a mortgagee enters upon and takes possession of land mortgaged, the entry is either for condition broken, and for the purpose of foreclosure, or to receive the current rents and profits of the land, for the better security of the mortgaged debt. If the entry is for the latter purpose, no foreclosure will be effected until the mortgagee gives due notice to the mortgager, after condition broken, that he shall hold the premises for such breach. Where a mortgagee entered, to take the rents and profits of land merely, before condition broken, and held the same fourteen years after the condition broken, without notice of an intention to foreclose, it was holden to be no foreclosure. 13 *Mass. R.* 309, *Scott* vs. *McFarland* ; 3 *Ditto* 138, *Newall* vs. *Wright* ; 2 *Ditto* 493, *Erskine* vs. *Townsend* ; 12 *Ditto* 514, *Pomeroy* vs. *Winship.*

If, however, the entry is subsequent to condition broken, it will be presumed that the entry was made for the purpose of foreclosure, unless the contrary appear. 5 *Mass. R.* 109, *Taylor* vs. *Weld.* Such is this case. The entry was here made after condition broken, and to foreclose the mortgage, as no other intention was intimated ; and the question then arising is, as to the effect of the foreclosure upon the notes named in the mortgage.

It is well settled that foreclosure of a mortgage operates

Hunt *v*. Stiles.

as payment of the debt to the value of the mortgaged property. 3 *Mass. R.* 562, *Amory* vs. *Fairbanks ;* 3 *Mason* 474, *Omaly* vs. *Swan ;* 9 *Cowen* 346, *Lansing* vs. *Goelet ;* 4 *Kent's Com.* 183. The object of such entry is to procure payment by foreclosure, unless payment should be otherwise made, and the land discharged ; and whenever the title to the land is perfected by this process, the debt is extinguished so far as there is actual value received.

It seems to be here conceded that the value of the land was not sufficient to meet the entire mortgage debt ; and the mortgagee claims to elect which of the notes shall be regarded as paid, and which not. Where several notes have fallen due prior to an entry to foreclose, we are not prepared to say that a special entry may not be made for the purpose of foreclosing the mortgage upon a particular note. This, however, is questionable ; as the consecutive order of the notes connected with the lien may so determine the order of payment as to prevent any change in this respect by the mortgagee. But where only one note has fallen due, an entry to foreclose must be upon that note.

In this case, the first note had been paid. The second note had fallen due prior to the entry, and the third note became due a few months before the foreclosure. The entry to foreclose could only have relation, then, to the second note ; and the payment received is necessarily upon that note. It is now said that there is an attachment made of other property, sufficient to pay this note, and if it is paid by the mortgaged property the attachment will be lost, and that the remaining notes cannot be collected. If this is so, the misfortune is that the mortgagee, in pursuing his double remedy, at his own election, has perfected his mode of payment by the land in the first instance. If he had other means of collection, of which he might have availed himself more to his interest, he should have seen to this. But payment having once been made, all other liens must cease. It is too late for him now to reverse the order of his proceed-

ings, and appropriate the funds received to the payment of either note, at his election ; or, rather, the election has already been made, and payment perfected under it, and the state of facts cannot now be changed. The note, therefore, in suit has been paid by the foreclosure of the mortgage, and there must be

*Judgment for the defendant.*